2011 UT App 14

Taniela Fakalolo KIVALU, Petitioner,

v.

LABOR COMMISSION, Maxim Healthcare Services, Broadspire Insurance Co., and New Hampshire Insurance Co., Respondents.

No. 20100817–CA.

Court of Appeals of Utah.

Jan. 13, 2011.

Taniela Fakalolo Kivalu, Orem, Petitioner Pro Se.

Kristy L. Bertelsen and Mark D. Dean, Salt Lake City, for Respondents Maxim Healthcare Services and New Hampshire Insurance Company.

Before Judges THORNE, VOROS, and CHRISTIANSEN.

MEMORANDUM DECISION

PER CURIAM:

¶ 1 Taniela Fakalolo Kivalu petitions for review of the Labor Commission's (the Commission) order affirming the Administrative Law Judge's (the ALJ) dismissal of Kivalu's

---

claim for workers' compensation benefits. This is before the court on its own motion for summary disposition based on the lack of a substantial question for review.

¶ 2 The ALJ dismissed Kivalu's claim because the ALJ determined that Kivalu had failed to establish that he had suffered an industrial accident. Pursuant to Utah Code section 34A–2–401(1), an employee is entitled to workers' compensation benefits only for injuries sustained "by accident arising out of and in the course of the employee's employment." Utah Code Ann. § 34A–2–401(1) (2005); *see also Salt Lake City Corp. v. Labor Comm'n,* 2007 UT 4, ¶ 19, 153 P.3d 179. At the hearing, Kivalu did not provide any specific evidence that he had actually had an accident arising out of and in the course of his employment. Accordingly, the ALJ found that Kivalu had failed to establish the initial requirement for entitlement to benefits.

¶ 3 Kivalu sought review by the Commission. However, Kivalu argued only that he should have been permitted to testify regarding his own medical records, an issue unrelated to the basis for the ALJ's decision. The Commission noted that Kivalu's argument was irrelevant to the decision and affirmed the dismissal of his claim.

¶ 4 On petition for review here, Kivalu's arguments suffer the same defect. They are unrelated to the Commission and the ALJ's actual rationale for dismissing the claim for benefits. Because his arguments do not address the reasoning of the decision, he fails to raise a substantial issue for review warranting further consideration by this court.

¶ 5 Affirmed.[1]

---

1. Maxim Healthcare Services moved to strike Kivalu's docketing statement as insufficient.

That motion is denied as moot.